1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,      Plaintiff,<br><br>v.<br><br>JOHNNY RAMIREZ,      Defendant. | ) Case No.:  17cr4424-BEN<br>)<br>) **ORDER DENYING DEFENDANT'S**<br>) **MOTION FOR COMPASSIONATE**<br>) **RELEASE UNDER THE FIRST STEP**<br>) **ACT, 18 U.S.C. § 3582(c)(1)(A)**<br>)<br>) **[ECF No. 56]**<br>) |

12
13
14
15
16
17

**I.    INTRODUCTION**

Before the Court is Johnny Ramirez's motion for compassionate release and to modify his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  For the reasons discussed below, the motion is denied.

**II.    BACKGROUND**

Ramirez is 34.  He was convicted after pleading guilty to smuggling 20.74 kilograms of pure methamphetamine inside the spare tire of his automobile.  He was sentenced to 108 months in prison in August 2018.  That sentence was affirmed on appeal.

Ramirez seeks compassionate release based upon high blood pressure, an undiagnosed breathing issue, new eligibility for safety valve at sentencing, family

18
19
20
21
22
23
24
25
26
27
28

circumstances involving a minor child, and the threat of COVID-19.  He asserts that his circumstances are extraordinary and compelling and that he should be given immediate release to home confinement.

## III.    LEGAL STANDARD

Generally, a "court may not modify a term of imprisonment once it has been imposed."  28 U.S.C. § 3582(c); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  However, one exception is a case where a motion for compassionate release is filed by a federal inmate.  *Keller*, 2 F.4th at 1281.[1]  When reviewing such a motion, courts may consider the factors set forth in 18 U.S.C. § 3553(a)[2] to the extent they are applicable once it finds that "extraordinary and compelling reasons" exist.

In the future, a motion for compassionate release under § 3582(c)(1)(A) will require consideration of policy statements issued by the Sentencing Commission for motions brought by defendants.   However, today, the Commission's policy statements apply only to motions brought by the Bureau of Prisons.  *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) ("There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A).").  As a result, courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"  *Id*.  In other words, a court is vested with the discretion to determine whether extraordinary and compelling reasons exist beyond those specifically delineated in U.S.S.G. §§ 1B1.13,

---

[1]    The inmate must first exhaust the administrative remedy by asking the warden to move for compassionate relief.  *Keller*, 2 F.4th at 1281; 28 U.S.C. § 3582(c)(1)(A).  At least 30 days from the receipt of such a request by the warden of the defendant's facility must pass before an inmate may file his or her own motion.  *Id.*

[2]    These factors include (1) the "nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the "need for the sentence imposed"; (3) the "kinds of sentences available"; (4) the "kinds of sentences and the sentencing range established"; (5) "pertinent policy statements"; (6) the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) the "need to provide restitution to any victims of the offense."

17cr4424-BEN

which is the policy statement applicable to the Bureau of Prisons. *See, e.g.*, *United States v. Parker*, 461 F. Supp. 3d 966, 978 (C.D. Cal. 2020) (holding that "the scenarios for compassionate release, reflected in the Sentencing Commission's policy statement codified in U.S.S.G. § 1B1.13, no longer limit the circumstances under which a defendant may seek compassionate release pursuant to Section 3582(c)").

## IV.   DISCUSSION

A motion to reduce a sentence or for compassionate release under the First Step Act, § 3582, entails three primary inquiries: "first, whether Defendant has satisfied the administrative exhaustion requirement, [] second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction," and third, the § 3553(a) factors. *United States v. Galaz*, 477 F. Supp. 3d 1134, 1137 (S.D. Cal. 2020); *see also Keller*, 2 F.4th at 1282-84. As discussed above, the Court finds that after undertaking these inquiries, the results weigh against granting Ramirez's motion. First, he has exhausted his administrative remedies (except for his argument relating to retroactive eligibility for safety valve)[3]. Second, his reasons are not extraordinary and compelling. Third, if they were, the § 3553(a) factors would counsel against granting compassionate release.

While the Sentencing Commission's policy is not binding in the context of a prisoner-initiated motion, the policy still offers guidance. In this case the policy statement addresses a prisoner's family circumstances. Pertinent here, according to the policy statement, the standard for compassionate release is satisfied if the defendant has a minor child and the child's caregiver is incapacitated or dies. U.S.S.G. § 1B1.13 cmt. n.1(C). Ramirez does not meet this condition because his minor child is cared for by both the child's mother and the child's grandparents. Unfortunately, there appears to be strong disagreement among the caretaking parties as to who should be the caretaker(s), as

---

[3] Exhaustion is required, however, the retroactive safety valve eligibility argument is unpersuasive in view of Ramirez's original sentence below the minimum mandatory 120 months and for other reasons. Therefore, the unexhausted issue has no effect.

-3-

1   evidenced by the guardianship petition filed by the child's grandparents and attached to

2   Ramirez's motion.  In any event, there is no evidence to suggest whether Ramirez's

3   presence as an additional caretaker during home confinement would or would not be in

4   the best interests of his child.  The Sentencing Commission's policy guideline would not

5   deem his circumstances to be extraordinary and compelling, and while the policy is

6   certainly not binding, it does guide the Court's discretion.  There are family

7   circumstances that warrant compassionate release, but those circumstances are not

8   present in this case.

9        Moreover, the threat of COVID-19 when added to his personal circumstances still

10  do not make his case exceptional and compelling.  His medical frailties appear to be

11  manageable.  Vaccines, natural immunities, and more successful medical treatments have

12  had an overall effect of ameliorating some of the risks of contracting COVID-19.  The

13  Government notes that Ramirez has declined the vaccine.  Some courts would deny

14  compassionate release on this basis.  *See e.g., United States v. Hernandez*, 19cr2750-

15  BAS, 2021 WL 5052970 *2 (S.D. Ca Oct. 29, 2021).

16       Finally, even if family circumstances qualified as extraordinary and compelling,

17  the third consideration (*i.e.*, the § 3553(a) factors) would weigh against compassionate

18  release.  The Presentence Report calculated his Sentencing Guidelines range to be 210-

19  262 months with a four-level reduction for fast track under U.S.S.G. §5K3.1, reducing

20  the range to 135-168 months.  The Government calculated his Guidelines range to be

21  168-210 months after the four-level reduction for fast track.  Ramirez faced a mandatory

22  minimum 120-month sentence.  Ultimately, Ramirez received a below-Guidelines

23  sentence of 108 months.  Modifying his sentence to home confinement after only three

24  and one-half years of imprisonment would result in a large sentencing disparity as

25  compared to others sentenced for the same offense, would not promote respect for the

26  law, and would not act as much of a deterrent to others considering committing the same

27  drug smuggling offense.

28

17cr4424-BEN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

For the reasons set forth above, IT IS ORDERED that the motion be denied.

**IT IS SO ORDERED.**

DATED:    November 23, 2021

_____

**HON. ROGER T. BENITEZ**
United States District Judge

-5-

17cr4424-BEN